IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| LOWELL JAMES AZURE,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 14-134-BLG-DLC<br><br>ORDER DISMISSING PETITION AND DENYING CERTIFICATE OF APPEALABILITY<br><br>**FILED**<br>OCT 10 2014<br>Clerk, U.S District Court<br>District Of Montana<br>Missoula |

This case comes before the Court on Lowell James Azure's petition for writ of habeas corpus under 28 U.S.C. § 2254. Azure is a state prisoner proceeding pro se.

Azure did not pay the $5.00 filing fee and did not move to proceed in forma pauperis. *But see* Pet. (Doc. 1) at 1 ¶ 4. Regardless, there is no need to delay resolution of this matter on that basis. For two independent reasons, the Court lacks subject-matter jurisdiction.

Azure was convicted of sexual intercourse without consent in Montana's Thirteenth Judicial District Court, Yellowstone County. On January 29, 2008, he was sentenced to serve 20 years in prison, with ten suspended. Pet. at 2-3 ¶¶ 1-4.

The petition at hand is Azure's second in this Court. On May 27, 2014, he filed a petition challenging the denial of his application for parole. The petition and

1

a certificate of appealability were denied. *See Azure v. Mahoney*, No. CV 14-66-BLG-SPW-CSO (D. Mont. judgment entered June 17, 2014). The Ninth Circuit Court of Appeals recently denied a certificate of appealability as well. Order at 1, *Azure v. Mahoney*, No. 14-35571 (9th Cir. Aug. 21, 2014).

Azure's first petition did not challenge the validity of his conviction or sentence in Yellowstone County, but it could have. This Court lacks jurisdiction to consider the claim in Azure's current petition because it is presented in a second or successive application for federal habeas relief. *See* 28 U.S.C. § 2244(b)(2); *Hill v. Alaska*, 297 F.3d 895, 897-98 (9th Cir. 2002). This Court may hear a second federal habeas petition only if Azure obtains authorization from the Ninth Circuit Court of Appeals to file in the district court. 28 U.S.C. § 2244(b)(3)(A). He has not done so. Consequently, this Court lacks subject-matter jurisdiction. *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam).

This Court also lacks subject-matter jurisdiction because Azure's claim is "wholly insubstantial and frivolous." *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 (9th Cir. 2012); *see also Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974). Azure asserts that his sentence is invalid because Montana's statutory maximum penalty for sexual intercourse without consent is two years. Pet. at 4 ¶ 13A. Since 1995, Montana has provided three alternative maximum penalties for the offense: 100 years in prison, life in prison, or death. Mont. Code

Ann. § 45-5-503(2), (3)(c)(i) (2003). Two years is the lowest of four potential mandatory minimum sentences. *See id.* § -503(2). The Montana Supreme Court recently told Azure what the statute says. Order at 2, *Azure v. Kirkegard*, No. OP 14-0453 (Mont. July 30, 2014); *see also* Pet. Ex. (Doc. 1-2) (omitting page two of Montana Supreme Court's opinion). While this Court has not previously dismissed a habeas petition as "wholly insubstantial and frivolous," it is appropriate to do so here.

Lack of subject-matter jurisdiction may be cured by transferring an action to a court having jurisdiction, provided transfer "is in the interest of justice." 28 U.S.C. § 1631. The Ninth Circuit Court of Appeals would have jurisdiction to entertain an application for leave to file a second or successive habeas petition. But, because Azure's claim is not only "wholly insubstantial and frivolous" but also likely time-barred, *see* 28 U.S.C. § 2244(d)(1)(A), transfer is not in the interest of justice.

A certificate of appealability is denied. Reasonable jurists might differ as to whether Azure's petition is second or successive, but Azure's claim is "wholly insubstantial and frivolous." It does not meet even the relatively low threshold of 28 U.S.C. § 2253(c)(2).

Accordingly, IT IS HEREBY ORDERED as follows:

1. The Petition (Doc. 1) is DISMISSED for lack of jurisdiction.

2. The Clerk of Court shall enter, by separate document, a judgment of dismissal.

3. A certificate of appealability is DENIED.

DATED this 10th day of October, 2014.

Dana L. Christensen, Chief Judge
United States District Court